# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DARYL E. SAYLES,

          Plaintiff,

vs.

STATE OF NEVADA, *et al*.,

          Defendants.

Case No.: 2:18-cv-01007-GMN-VCF

**ORDER**

Pending before the Court is the Motion for Short Trial, (ECF No. 31), filed by pro se Plaintiff Daryl E. Sayles ("Plaintiff").[1]  Defendants Brian Williams and James Dzurenda (collectively, "Defendants") filed a Response, (ECF No. 38), and Plaintiff did not file a reply.

Also pending before the Court is Defendants' Motion to Dismiss, (ECF No. 32). Plaintiff filed a Response, (ECF No. 35), and Defendants filed a Reply, (ECF No. 39).[2]

Also pending before the Court is Plaintiff's Motion for Summary Judgment, (ECF No. 41).[3]  Defendants filed a Response, (ECF No. 45), and Plaintiff filed a "Follow-up on Plaintiff's Motion for Summary Judgment," (ECF No. 47), which the Court liberally construes as a Reply.

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] Plaintiff also filed a Surreply, (ECF No. 40). Local Rule 7-2(b) provides: "Surreplies are not permitted without leave of court; motions for leave to file a surreply are discouraged." Here, Plaintiff did not seek leave of court and impermissibly filed a Surreply. Accordingly, Plaintiff's Surreply, (ECF No. 40), is **STRICKEN**.

[3] On March 9, 2020, Plaintiff filed a Notice of Failure to File Points and Authorities, (ECF No. 44), purporting to inform the Court of Defendants' failure to timely respond in opposition to Plaintiff's Motion for Summary Judgment. However, Defendants' deadline to respond to the Motion was March 10, 2020. Defendants subsequently complied with the deadline. Plaintiff's Notice is baseless, and the Court will not consider it in ruling on the Motion for Summary Judgment.

## I. BACKGROUND

This is an inmate civil rights lawsuit brought pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 5). Plaintiff is a former inmate of the Nevada Department of Corrections (NDOC). (*See* Change of Address, ECF No. 3). On June 1, 2018, Plaintiff commenced this action suing the State of Nevada, NDOC, the Offender Management Division, Warden Brian Williams, and NDOC Director James Dzurenda for alleged violations of his due process and equal protection rights. (Mot. Leave in Forma Pauperis, ECF No. 1); (Compl. at 2–3).

On August 5, 2019, the Court issued a Screening Order, (ECF No. 4), dismissing defendants State of Nevada, NDOC, and the Offender Management Division with prejudice. (Screening Order at 6, ECF No. 4). Additionally, the Court dismissed Plaintiff's Fourteenth Amendment due process claim with prejudice. (*Id.*).

In his Complaint, Plaintiff challenges Defendant Williams and Dzurenda's alleged failure to apply good time credits to Plaintiff's minimum sentence and parole eligibility date as directed by NRS 209.4465(7).[4] (*See* Compl. at 6–11). Plaintiff alleges Defendants knew that Plaintiff's good-time credits should have been recalculated and applied to his minimum sentence. (*See id.* at 11). However, Defendants only applied the good-time credits correctly to those inmates who obtained a court order without any rational basis for the disparate treatment. (*Id.* at 12–13). Plaintiff's Complaint largely relies on *Williams v. State Dep't of Corr.*, 402 P.3d 1260, 1262 (Nev. 2017), and he attaches a copy of that decision as an exhibit to the Complaint. (*See* Ex. A to Compl., ECF No. 5).

Plaintiff further alleges he has been convicted and incarcerated on at least six occasions. (Compl. at 6–11). Each period of incarceration gives rise to a claim. (*See id.*). As such, Plaintiff's Complaint alleges six claims, all of which are based on the same theory. (*See id.*).

---

[4] NRS 209.4465(7) permits good time credits to be applied to a prisoner's minimum sentence, in certain circumstances, thus, making an inmate eligible for parole sooner than he or she would have been without the credits. *See* NRS 209.4465(7); *Williams v. State Dep't of Corr.*, 402 P.3d 1260, 1262 (Nev. 2017).

Plaintiff seeks monetary damages in the amount of $150,000,000.00 and does not seek injunctive relief. (*Id.* at 16).

## II. DISCUSSION

### A. Motion for Short Trial

In his Motion, Plaintiff requests a "Short Trial by Judge pursuant to Federal Rules of Civil Procedure 26(f)." Rule 26(f) governs discovery conferences between parties prior to the issuing of a scheduling order. *See* Fed. R. Civ. P 26(f). It does not provide for short trials by judges. However, as Defendants point out, Plaintiff may be referring to the District's Local Rule 26-1, which does consider the use of the Short Trial Program. (Resp. Mot. Short Trial at 2, ECF No. 38). Nevertheless, Defendants oppose Plaintiff's request as premature. (*Id.*). Defendants submit that a short trial may be agreed upon by the parties at a later date, but given this action is at an early stage of litigation, a short trial as requested by Plaintiff would not be prudent at this time. (*Id.* at 2–3). The Court agrees. Accordingly, Plaintiff's Motion for Short Trial, (ECF No. 31), is **DENIED**.

### B. Motion to Dismiss

#### *1. legal standard*

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

1  550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that
2  allows the court to draw the reasonable inference that the defendant is liable for the misconduct
3  alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted
4  unlawfully." *Id.*

5  If the court grants a motion to dismiss for failure to state a claim, leave to amend should
6  be granted unless it is clear that the deficiencies of the complaint cannot be cured by
7  amendment. *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992). Pursuant
8  to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in
9  the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the
10 movant, repeated failure to cure deficiencies by amendments previously allowed, undue
11 prejudice to the opposing party by virtue of allowance of the amendment, futility of the
12 amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

13  *2.  analysis*

14  Defendants make several arguments as to why the Court should dismiss Plaintiff's
15 Complaint. The Court will begin its analysis by addressing the sufficiency of claims made
16 against Defendants in their official capacities.

17  *(i)  "official capacities"*

18  Defendants first argue that Plaintiff's claims against Defendants in their official
19 capacities fail as a matter of law because Plaintiff only seeks monetary damages and does not
20 seek injunctive relief. (Mot. Dismiss ("MTD") at 4–5, ECF No. 32) (citing *Bank of Lake Tahoe*
21 *v. Bank of America*, 318 F.3d 914, 918 (9th Cir. 2003)). Plaintiff does not respond to this
22 argument.

23  Ordinarily, "[t]he failure of an opposing party to file points and authorities in response to
24 any motion, except a motion under [Rule 56] or a motion for attorney's fees, constitutes a
25 consent to the granting of the motion." D. Nev. LR 7-2(d). Courts in this District have held this

1 rule applies in cases such as here when a party fails to address a portion of the moving party's
2 motion. *Moore v. Ditech Fin., LLC*, No. 2:16-cv-01602-APG-GWF, 2017 WL 2464437, at *2
3 (D. Nev. June 7, 2017), *aff'd*, 710 F. App'x 312 (9th Cir. 2018) (holding that the plaintiff
4 "conceded to dismissal" of a claim "by failing to oppose the defendants' arguments on this
5 point in their motion to dismiss" (emphasis added)).  Here, Plaintiff did not oppose Defendants'
6 arguments on this point.  As such, the Court **GRANTS** the Motion to Dismiss.  Plaintiff's
7 claims against Defendants, as sued in their official capacities are **DISMISSED**.

               *(ii)*     *exhaustion*

9      Defendants move to dismiss based on Plaintiff's alleged failure to exhaust his
10 administrative remedies. (MTD at 5).  The Prison Litigation Reform Act (PLRA) requires that
11 before bringing a § 1983 action, a prisoner must exhaust all available administrative remedies.
12 42 U.S.C. § 1997(e)(a).  Exhaustion must be proper, meaning that the prisoner must proceed
13 through each step of the prison's grievance procedure. *Griffin v. Arpaio*, 557 F.3d 1117, 1120
14 (9th Cir. 2009) (citing *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)).
15      Here, Defendants argue that based on the face of Plaintiff's Complaint, Plaintiff admits
16 he has not properly exhausted his claims by going through the available grievance procedures.
17 (MTD at 6).  Defendants explain that Plaintiff prepared the Complaint on a fillable form
18 document which contains pre-written questions.  The Complaint form explicitly asks: "Have
19 you attempted to resolve the dispute stated in this action by seeking relief from the proper
20 administrative officials, *e.g.*, have you exhausted available administrative grievance
21 procedures?" (*Id.*).  Plaintiff did not answer either "yes" or "no" but instead stated: "the terms
22 of imprisonment in this civil complaint have expired already, therefore the issues here are
23 ungrievable meaning the only remedies would be civil rights complaint." (*Id.*).  Defendants
24 therefore conclude that Plaintiff's Complaint admits Plaintiff failed to exhaust his remedies.

Plaintiff disputes this purported admission. (Resp. MTD at 5, ECF No. 35). He argues that he did file grievances but they "all came back as rejected as ungrievable." (*Id.*). As the Ninth Circuit explained in *Albino v. Baca*: "In a few cases, a prisoner's failure to exhaust may be clear from the face of the complaint. However, such cases will be rare because a plaintiff is *not required* to say anything about exhaustion in his complaint." *Albino*, 747 F.3d 1162, 1169 (9th Cir. 2014) (emphasis added). Indeed, the *Albino* decision emphasized that the question of exhaustion is typically disposed of on summary judgment, with the district court deciding disputed factual issues relevant to exhaustion.

Consistent with *Albino*, a fuller factual record is necessary to allow determination of the legal basis upon which this Court can rule. Defendants' exhaustion argument is premature and the Court declines to rule on this issue at this stage of litigation.

### (iii)   equal protection

The Equal Protection Clause of the Fourteenth Amendment requires the State to treat all similarly situated people equally. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). Where an inmate is not a member of a protected class, an equal protection claim is subject to the rational basis test. *See McGinnis v. Royster,* 410 U.S. 263, 270 (1973) (applying rational basis test where state law denied certain state prisoners good-time credit toward parole eligibility for the period of their presentence county jail incarceration, whereas those released on bail prior to sentence received good-time credit for the entire period of their prison confinement). Under a rational basis inquiry, in order to prevail on an equal protection claim, plaintiff must demonstrate that (1) he is similarly situated to others, (2) he is being treated worse than others with whom he is similarly situated, and (3) there is no rational basis for the disparate treatment. *More v. Farrier,* 984 F.2d 269 271 (8th Cir. 1993).

As best the Court can discern, Plaintiff alleges he has already expired each of the sentences at issue, although he does not make clear *when* the sentences became expired.

Plaintiff further alleges that Defendants knew that Plaintiff's good-time credits should have been recalculated and applied to his minimum sentence. (Compl. at 12). However, Defendants only applied the good-time credits correctly to those inmates who obtained a court order without any rational basis for the disparate treatment. (*Id.*).

Based on Plaintiff's allegations, it appears these other prisoners to whom Plaintiff is comparing himself are prisoners with expired sentences. But *Williams* indicates that the only inmates who can obtain a court order for recalculation are those inmates who are still serving a sentence that has not yet expired. *Williams v. State Dep't of Corr.*, 402 P.3d 1260, 1265 (Nev. 2017) ("Because the application of credits under NRS 209.4465(7)(b) only serves to make an offender eligible for parole earlier, no relief can be afforded where the offender has already expired the sentence"). Given this inconsistency, Plaintiff has not alleged facts showing he is being treated differently than others with whom he is similarly situated. As such, Plaintiff fails to state an equal protection claim. Defendants' Motion is **GRANTED**.

*(iv)     personal participation*

Defendants also move to dismiss Plaintiff's claims because the Complaint does not allege facts that show Defendants were personally involved in the alleged deprivation of Plaintiff's civil rights. (MTD at 10). The Court agrees.

"Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d

1175, 1182 (9th Cir. 2007) (concluding that allegations that school officials knew of alleged violation and failed to take corrective action were sufficient to state a claim); *Ortez v. Washington Cty., Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (concluding proper to dismiss where no allegations of knowledge of or participation in alleged violation). "Vague and conclusory allegations concerning the involvement of supervisory personnel" are not sufficient. *O'Brien v. Foulk*, No. 2:14-cv-0702-CMK-P, 2015 WL 5695863, * 4 (E.D. Cal. Sept. 28, 2015) (citing *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). "Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation." *Id.* (citing *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988)).

Here, Plaintiff attempts to refute Defendants' argument by pointing to a page from "NV-Cure News," which Plaintiff attached to his Complaint as an exhibit. According to Plaintiff, this publication "directly quoted" Defendants as saying: "NDOC will not be recalculating sentences to give prisoners fitting the criteria the (20) days a month of good time to which they are entitled, pursuant to NRS 209.4465(7)(b)," and "NDOC will only be recalculating the sentences of prisoners that have obtained a court order for recalculating." (Resp. MTD at 6) (citing Ex. B to Compl., ECF No. 5). However, the publication does not attribute those statements to any particular person. Rather, these appear to be the author's words. Moreover, as Defendants correctly observe, Plaintiff's Complaint only makes specific allegations regarding NDOC. (*See, e.g.*, Compl. at 6, 7) ("the Nevada Department of Corrections (NDOC) knew or should have known that during my term of imprisonment . . . "). However, NDOC has been dismissed from this action with prejudice. As such, the Complaint does not allege facts

showing Defendants' personal involvement in the alleged deprivation of Plaintiff's equal protection rights. Accordingly, Defendants' Motion to Dismiss is **GRANTED**.[5]

### C. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). A district court should not dismiss a *pro se* complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood,* 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam) (internal quotation marks omitted).

The Court finds that Plaintiff may be able to plead additional facts to support his equal protection claims. Accordingly, the Court will grant Plaintiff leave to file an amended complaint. Plaintiff shall file his amended complaint within twenty-one (21) days of the date of this Order if he can allege sufficient facts that plausibly establish his claims against Defendants.

### D. Motion for Summary Judgment

The purpose of summary judgment is to avoid unnecessary trials by disposing of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986); *Nw. Motorcycle Ass'n v. U.S. Dept. of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). It is

---

[5] Defendants also argue that they are entitled to qualified immunity. (MTD at 11–14). When a defendant asserts qualified immunity in a Rule 12(b)(6) motion to dismiss, "dismissal is not appropriate unless we can determine, based on the complaint itself, that qualified immunity applies." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (internal quotation omitted). Here, this determination cannot be made based only on the Complaint, and therefore, dismissal is not appropriate. However, should Plaintiff elect to file an amended complaint, Defendants may renew their qualified immunity argument.

nearly impossible to tell whether there is evidence to support factual allegations before the parties engage in discovery." *Sharkey v. NaphCare, Inc.*, No. 2:18-cv-0025-KJD-BNW, 2020 WL 2563821, at *4 (D. Nev. May 20, 2020).  Therefore, a court may delay its decision or deny a motion for summary judgment if the nonmoving party has not had the opportunity to gather facts necessary to justify its position. Fed. R. Civ. P. 56(d).  Where the parties have not yet conducted discovery, the nonmoving party need not present specific reasons for its inability to present evidence to support its positions.  This is because the nonmoving party "cannot be expected to frame its motion with great specificity . . . as the ground for such specificity has not been laid." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 774 (9th Cir. 2003).

Here, Plaintiff moved for summary judgment before discovery commenced.  Indeed, the Court had not yet issued a scheduling order.  Defendants oppose the Motion, stating that "facts are unavailable to the nonmovant and discovery should be conducted before Plaintiff's motion is even considered." (Resp. Mot. Summ J. at 7, ECF No. 45).

As discovery had not commenced when Plaintiff filed his Motion for Summary Judgment, a grant of summary judgment based on the current filings would be premature. Indeed, the granting of summary judgment may be error when discovery is not yet completed. *Garrett v. City & Cty. of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987).  Accordingly, Plaintiff's Motion for Summary Judgment, (ECF No. 41), is **DENIED without prejudice**.

### III.     CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Short Trial, (ECF No. 31), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, (ECF No. 32), is **GRANTED**.

1    **IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED without**
2 **prejudice**.  Plaintiff shall have twenty-one (21) days from the date of this Order to file an
3 amended complaint.  Failure to file an amended complaint by this date shall result in the Court
4 dismissing this action.
5    **IT IS FURTHER ORDERED** that Plaintiff's Surreply, (ECF No. 40), is **STRICKEN**.
6    **IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF
7 No. 41), is **DENIED without prejudice**.
8    **DATED** this __28__ day of September, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court